**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

CHELSEY MORNEE' PENIX                                                                                          PLAINTIFF
ADC #710547

v.                                              1:15CV00032-KGB-JJV

JAMES BANKS, Senior Warden,
McPherson Unit; *et al.*                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

**I.  INTRODUCTION**

Chelsea Penix ("Plaintiff"), an inmate of the Arkansas Department of Correction ("ADC"), filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of her constitutional rights (Doc. No. 2). Specifically, she alleges that she was falsely charged with "rape or a forced act" and convicted at a prison disciplinary hearing. (*Id*. at 12.) After review of her Complaint, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

**II.  SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,*

780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III. ANALYSIS

Plaintiff claims she engaged in consensual intercourse with an inmate at the McPherson Unit. (Doc. No. 2 at 8.) Afterwards, the Defendants began an investigation into the matter which culminated in a determination of guilt for "rape or a forced act." (*Id*. at 12.) Plaintiff alleges that her conviction violated her rights insofar as it constituted: (1) double jeopardy; (2) discrimination under the Equal Protection Clause; (3) cruel and unusual punishment; and (4) deliberate indifference. She does not explain how each of these theories applies, but the Court will address them briefly before taking up the due process issues on which the case centers.

#### A. Double Jeopardy

It is well established that prison disciplinary proceedings do not invoke jeopardy for the purposes the double jeopardy clause. *See Kerns v. Parratt*, 672 F.2d 690, 691 (8th Cir. 1982) (per curiam). As such, Plaintiff's double jeopardy claim fails.

#### B. Equal Protection

In order to state a claim under the Equal Protection Clause, Plaintiff must allege that a state actor discriminated against her because of her membership in a protected class. *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (8th Cir. 1990). Alternatively, if she does not claim membership in

3

a protected class, Plaintiff must prove that she was "treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Here, Plaintiff has not provided any factual allegations which would support either standard. She has not alleged that Defendants discriminated against her on the basis of any protected class, and she has failed to identify a similarly situated individual or group from whom she was treated differently.[1] This claim should, therefore, be dismissed.

### C. Cruel and Unusual Punishment

Plaintiff alleges that her consignment to administrative segregation for one year and an inability to earn good-time credits for that same period constitutes cruel and unusual punishment. The Court disagrees. The placement of an inmate in administrative segregation is not, in itself, cruel and unusual punishment as prohibited by the Eighth Amendment. *See Jones v. Mabry*, 723 F.2d 590, 594-95 (8th Cir. 1983). Additionally, a one year sentence to administrative segregation is not cruel and unusual. *See Brown v. Nix*, 33 F.3d 951, 955 (8th Cir. 1994) (holding that nine years in administrative segregation was not cruel and unusual punishment). Finally, the inability to earn good time credit also does not amount to cruel and unusual punishment. *See Carroll v. Simmons*, 89 Fed. Appx. 658, 661-662 (10th Cir. 2004) (the loss of privileges and good time credits does not rise to the level of cruel and unusual punishment).

### D. Deliberate Indifference

Plaintiff claims that Defendants exhibited deliberate indifference by failing to assign any disciplinary charges to the victim of the "rape or forced act." First, the general exhibition of deliberate indifference is not itself a violation of an inmate's rights. Instead, it is a standard by

---

[1] Plaintiff does allege, without referencing her Equal Protection claims, that the inmate identified as the victim did not receive a disciplinary report. (Doc. No. 2 at 12.) Treating the victim of an alleged violation differently from its perpetrator, however, is plainly rational.

4

which some constitutional and statutory violations are determined.[2] *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment); *Whitson v. Stone County Jail*, 602 F.3d 920, 923 (8th Cir. 2010) (in analyzing failure to protect claims "the subjective inquiry regarding an official's state of mind is one of deliberate indifference' to inmate health or safety.") (internal quotations omitted). Second, Plaintiff does not explain how the failure to assign disciplinary charges to the victim of the alleged incident violated her own rights. Absent a clear injury stemming from the Defendants' decision not to charge another inmate in connection with the alleged incident, this claim should be dismissed. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation.").[3]

### E. Due Process

Plaintiff has not specifically alleged that her disciplinary conviction violated her due process rights. To the extent she seeks to raise such a claim, however, the Court finds that it should not be allowed to proceed.

An inmate may maintain a due process claim for a disciplinary conviction only where she has a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484-485 (1995). Specifically, due process protections apply only where prison officials impose an "atypical and significant hardship

---

[2]A defendant might, for instance, be found to have exhibited deliberate indifference toward an inmate's serious medical needs. The actionable violation therein is the inadequate medical care itself, not the fact that an official was deliberately indifferent.

[3]Pursuant to her Complaint, Plaintiff requests one million dollars in actual damages and an additional one million in punitive damages. (Doc. No. 2 at 5.) She also requests vague injunctive relief to restore "anything taken." (*Id*.) But this injunctive relief claim is unrelated to her "deliberate indifference" claim, which complains only of the failure to assign disciplinary charges to another inmate.

on an inmate in relation to the ordinary incidents of prison life." *Id*. at 484. Here, Plaintiff alleges that her disciplinary conviction resulted in one year of administrative segregation, inability to accrue good-time for that same period, reduction in inmate class, thirty days of punitive time, and restrictions to commissary, telephone, and visitation privileges. (Doc. No. 2 at 12-13.) The Court finds that none of the foregoing restrictions implicate a liberty interest.

First, placement in administrative segregation for one year does not amount to an atypical and significant hardship. *See Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002). Similarly, the loss of the ability to earn good time credits fails to state such a hardship. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). Lastly, reduction in class, punitive time, and restrictions to other privileges also fail to invoke a liberty interest. *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990) (inmates have no right to a particular class); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (thirty days in punitive segregation not an atypical and significant hardship); *Kennedy v. Blankenship*, 100 F.3d 640 (8th Cir. 1996) (demotion within Arkansas prison system from administrative segregation to punitive isolation for 30-day sentence, with loss of telephone, visitation, and commissary privileges, is not a "dramatic departure from the basic conditions of confinement"). Accordingly, the Court finds that Plaintiff has failed to raise any viable due process claims.

**IV.    CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a viable claim against any named Defendant.

IT IS THEREFORE RECOMMENDED that:

1.    Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

    2.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[4]

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 2nd day of April, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[4]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."